## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 31 2017, 8:58 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher P. Phillips
Phillips Law Office P.C.
Monticello, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Chad T.B. Steiner,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

January 31, 2017

Court of Appeals Case No.
79A05-1606-CR-1544

Appeal from the Tippecanoe Superior Court

The Honorable Randy J. Williams, Judge

Trial Court Cause No.
79D01-1601-F5-6

**Crone, Judge.**

## Case Summary

[1] Chad T.B. Steiner appeals his aggregate four-year sentence imposed following his guilty plea to level 5 felony child exploitation and level 6 felony child pornography. He argues that the trial court abused its discretion in sentencing him by failing to find certain mitigating factors and finding invalid aggravating factors. Concluding that the trial court did not abuse its discretion, we affirm.

## Facts and Procedural History

[2] In January 2016, police executed a search warrant on Steiner's home and seized his computer. On Steiner's computer, police found pornographic photographs and videos of children. One video, labeled "km8b.wmv," depicted a female girl under the age of eighteen performing oral sex on an adult male penis and exposing her genitals. Tr. at 14. The girl was later identified by law enforcement officials in Washington State. Steiner also had a video that depicted a prepubescent female of about ten years old exposing her breasts and vagina.

[3] In addition, police found that between January 14, 2015, and November 27, 2015, Steiner had exchanged emails containing child pornography or passwords to galleries with child pornography with at least twenty-five different email addresses. One of these includes a July 11, 2015, email exchange between Steiner and Cliff Clark, in which they discussed trading pictures of young teenage girls. Steiner sent Clark pictures of M.S. and claimed that he had previously dated M.S.'s mother. Police interviewed M.S., and she told them

that the nude photographs that Steiner claimed depicted her did not actually depict her. Instead, Steiner had taken pictures from M.S.'s Facebook account and paired her Facebook photos with nude photos of other females who were similar in size, shape, age, and hair color. On December 3, 2015, Steiner emailed a photograph of a different female child performing oral sex on an adult male to a Hotmail email address. The child victim in the photograph was later identified by officials in Germany.

[4] Steiner created photographic galleries on the website Image Source. The galleries were identified as "teens" and "lovely teens" in sections characterized as "nudity." *Id*. at 29. One of the galleries included a photograph of M.S. along with Steiner's comment that "you should see her naked." *Id*. at 29. The two galleries had a total of ninety-five photographs. Steiner's first account on Image Source was eventually locked out because it contained child pornography. Steiner created a second account, but it was locked out for "reposting." *Id*. at 28. Steiner also had an account at a website called primejailbait.com, which he created in January 2013. Steiner uploaded a total of 108 photographs to the account, which has received over 40,000 views. Many of the 108 images on the primejailbait.com account were of M.S., along with two other unidentified girls.

[5] The State charged Steiner with level 5 felony child exploitation and 2 counts of level 6 felony possession of child pornography. Pursuant to a plea agreement, Steiner pled guilty to the level 5 felony count and one of the level 6 felony

counts, the latter of which was based on the video labeled km8b.wmv. The State dismissed the remaining count.

[6] At the sentencing hearing, the trial court found that Steiner's guilty plea, acceptance of responsibility, absence of criminal history, and support of family and friends were mitigating factors. As for aggravating factors, the trial court found that there were multiple victims, that one of the victims recommended an aggravated sentence, and that Steiner had been engaging in child pornography and exploitation "starting in 2013 [so] it would appear to the court that this has been going on for some time, so it is not as if you were caught the first time that you became involved in this particular – in actions given [sic] rise to these particular offenses." *Id*. at 43. The trial court found that the aggravating factors outweighed the mitigating factors and sentenced Steiner to concurrent terms of four years for the level 5 felony conviction and one and a half years for the level 6 felony conviction, with three years executed and one year suspended. This appeal ensued.

## Discussion and Decision

[7] Steiner argues that the trial court abused its discretion in sentencing him by failing to find certain mitigating factors and by finding invalid aggravating factors.[1] We note that sentencing decisions rest within the sound discretion of

---

[1] Steiner mentions the standard of appellate review for an inappropriate sentence claim. *See* Ind. Appellate Rule 7(B) ("The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."). However, he does not develop an argument to support an inappropriate

the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id*. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*. at 491. A trial court abuses its discretion during sentencing by: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id*. at 490-91.

[8] Steiner asserts that the trial court abused its discretion in failing to find that his remorse and his work history were mitigating factors. We observe that

> the trial court is not obligated to accept the defendant's argument as to what constitutes a mitigating factor, and a trial court is not required to give the same weight to proffered mitigating factors as does a defendant. A trial court does not err in failing to find a mitigating factor where that claim is highly disputable in nature, weight, or significance. An allegation that a trial court abused its discretion by failing to identify or find a mitigating factor requires the defendant on appeal to establish that the mitigating evidence is significant and clearly supported by the record.

sentence claim, and therefore we conclude that he has waived any such claim. *See Sandleben v. State*, 29 N.E.3d 126, 136 (Ind. Ct. App. 2015) (concluding that Sandleben waived inappropriate sentence argument by failing to present cogent argument on that issue), *trans. denied*.

*Healey v. State*, 969 N.E.2d 607, 616 (Ind. Ct. App. 2012) (citations omitted), *trans. denied*.

[9] As for remorse, our review of the sentencing transcript shows that when Steiner's counsel proffered mitigating factors he referred to Steiner's acceptance of responsibility and his remorse interchangeably. The State asserts that "the trial court's finding of Steiner's acceptance of responsibility, as requested by the defense, is an implicit acknowledgement of Steiner's remorse as mitigating." Appellee's Br. at 13. We agree. Furthermore, we note that even if the trial court declined to find that remorse was a mitigating factor, "a trial court's determination of a defendant's remorse is similar to its determination of credibility: without evidence of some impermissible consideration by the trial court, we accept its decision." *Sandleben v. State*, 29 N.E.3d 126, 136 (Ind. Ct. App. 2015), *trans. denied*. Thus, the trial court was free to find that Steiner's expression of remorse lacked credibility.

[10] As for Steiner's work history, he asserts that he worked at the same place for twenty years. At the sentencing hearing, his counsel did make that assertion, but there is nothing in the record to support it. The only evidence of Steiner's work history is found in the presentence investigation report ("PSI"), which shows that he told the probation officer that he had been employed as a laborer at Fairfield in Lafayette. Appellant's App. Vol. IV at 8. Steiner has failed to establish that the employment evidence is both significant and clearly supported by the record. We conclude that the trial court did not abuse its discretion by failing to find remorse and work history as mitigating factors. *See Espinoza v.*

*State*, 859 N.E.2d 375, 387 (Ind. Ct. App. 2006) (concluding that trial court did not abuse its discretion by declining to find that work history was a mitigating factor where employment evidence consisted of statement in PSI that Espinoza was self-employed doing construction work).

[11] We now turn to aggravating factors. Steiner contends that two aggravating factors found by the trial court were improper: that his actions occurred over a period of time and that there were multiple victims. He asserts that these circumstances are inherently included in the charges and therefore should not be considered aggravating factors. He also argues that the time period, from June 26, 2015, to January 7, 2016, as alleged in the charging information for child exploitation, is not so long as to support the period of time as a valid aggravator.

[12] Steiner ignores the evidence in the record, which shows that beginning on January 14, 2015, he had email exchanges involving the sharing of child pornography with twenty-five different email addresses. He also had an account and gallery at primejailbait.com, which he created in January of 2013, well before his arrest for the current offenses. He posted 108 photographs in that gallery, and it received over 40,000 views. Likewise, he had galleries at Image Source containing a total of ninety-five photographs. Steiner pled guilty to possessing a video depicting the victim who was identified by Washington law enforcement, but he had other videos depicting different victims. In addition, he had a photograph of another young female victim, identified by officials in Germany, performing oral sex on an adult male, which Steiner sent

to a Hotmail email address on December 2, 2015.  Thus, he engaged in the prohibited conduct over many years, and it has involved many different victims. We conclude that the trial court did not abuse its discretion in finding those aggravating factors.  Therefore, we affirm Steiner's sentence.

[13]     Affirmed.

Riley, J., and Altice, J., concur.